UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE ARMSTRONG, as Special Administrator of the Estate of RYAN ROGERS, deceased, and RYAN ROGERS, JR. and SY-NAI ROGERS, minors by their Mother, KIARA NICHOLSON, | ) ) ) ) ) ) | Case No. 13 CV 2277 |
| | ) | Judge Der-Yeghiayan |
| Plaintiffs, | ) ) | Magistrate Judge Martin |
| | ) ) | JURY DEMAND |
| v. | ) ) | |
| P.O. DANIEL SMITH, individually, and the CITY OF CHICAGO, a municipal corporation, | ) ) ) ) | |
| Defendants, | ) | |

### FIRST AMENDED COMPLAINT

**NOW COMES** the Plaintiff, JACQUELINE ARMSTRONG, as Special Administrator of the Estate of RYAN ROGERS, deceased, and RYAN ROGERS, JR. and SY-NIA ROGERS, minors by their mother, KIARA NICHOLSON, by and through their attorneys, Gregory E. Kulis & Associates, Ltd., and complaining against the Defendants, P.O DANIEL SMITH, individually, and the CITY OF CHICAGO, a municipal corporation, as follows:

### COUNT I – EXCESSIVE FORCE

1) This action is brought pursuant the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiffs, JACQUELINE ARMSTRONG, as Special Administrator of the Estate of RYAN ROGERS, deceased, and RYAN ROGERS, JR. and SY-NIA ROGERS, minors by their mother, KIARA NICHOLSON and

accomplished by acts and/or of the Defendant, P.O DANIEL SMITH, individually, committed under color of law.

2) Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3) The Plaintiff, JACQUELINE ARMSTRONG, as Special Administrator of the Estate of RYAN ROGERS, was at all relevant times, a resident of Richton Park, Illinois.

4) The Plaintiff, JACQUELINE ARMSTRONG, is the mother of RYAN ROGERS, deceased.

5) The Plaintiff, KIARA NICHOLSON, is the mother of RYAN ROGERS, JR., and SY-NIA ROGERS, the minor children of RYAN ROGERS, deceased.

6) The Defendants, P.O DANIEL SMITH, were at all relevant times, a duly appointed law enforcement officer employed by the Defendant, the CITY OF CHICAGO, and acting within the scope of his employment and under color of law.

7) On or about March 20, 2013, the decedent was at his apartment, located at 1905 W. 171st Street in East Hazel Crest, Illinois.

8) The Defendant, P.O DANIEL SMITH, was outside the decedent's home in East Hazel Crest and outside of his jurisdiction.

9) The Defendant, P.O DANIEL SMITH, did not take normal precautions or follow the usual practice of notifying the East Hazel Crest Police Department with specificity that he and other Chicago police officers would be present in East Hazel Crest Police Department's jurisdiction.

10) The Defendant, P.O. DANIEL SMITH, confronted the decedent, RYAN ROGERS and his female friend as they were leaving.

11) The decedent began to drive away.

12) Without just cause or just provocation, P.O. DANIEL SMITH shot the decedent, RYAN ROGERS.

13) Said use of deadly force was unprovoked and unwarranted.

14) The actions of the Defendant, P.O DANIEL SMITH, were intentional, willful and wanton.

15) As a result of the actions of the Defendant, P.O DANIEL SMITH, the decedent, RYAN ROGERS, was killed.

16) Said actions of the Defendant, P.O DANIEL SMITH, were in violation of the decedent, RYAN ROGERS' Fourth and Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

17) As a result of said actions of the Defendant, P.O DANIEL SMITH, the decedent, RYAN ROGERS, and the Plaintiffs, JACQUELINE ARMSTRONG, RYAN ROGERS, JR., SY-NIA ROGERS, minors by their mother, KIARA NICHOLSON experienced pain and suffering, loss of life, monetary loss, and loss of enjoyment of life.

**WHEREFORE**, the Plaintiffs, JACQUELINE ARMSTRONG, as Special Administrator of the Estate of RYAN ROGERS, deceased, and RYAN ROGERS, JR. and SY-NIA ROGERS, minors by their mother, KIARA NICHOLSON, pray for judgment against the Defendant, P.O DANIEL SMITH, for fair and reasonable compensatory damages in excess of One Million ($1,000,000.00) Dollars, reasonable punitive damages, plus attorneys' fees and costs.

## COUNT II – BATTERY / STATE LAW

1-13) The Plaintiffs, JACQUELINE ARMSTRONG, as Special Administrator of the Estate of RYAN ROGERS, deceased, and RYAN ROGERS, JR. and SY-NIA ROGERS, minors by their mother, KIARA NICHOLSON, re-allege paragraphs 3-15 of

Count I as their respective allegations of paragraphs 1-13 of Count II as though fully set forth herein.

 14) The actions of the Defendant, P.O DANIEL SMITH, constitute battery under Illinois state law.

 15) As a result of the actions of the Defendant, P.O DANIEL SMITH, the decedent, RYAN ROGERS, experienced pain, suffering, loss of life, and monetary loss.

 **WHEREFORE** the Plaintiffs, JACQUELINE ARMSTRONG, as Special Administrator of the Estate of RYAN ROGERS, deceased, and RYAN ROGERS, JR. and SY-NIA ROGERS, minors by their mother, KIARA NICHOLSON, pray for judgment against the Defendants, P.O DANIEL SMITH, for fair and reasonable compensatory damages and punitive damages, plus costs.

## COUNT III – WRONGFUL DEATH

 1-15) The Plaintiffs, JACQUELINE ARMSTRONG, as Special Administrator of the Estate of RYAN ROGERS, deceased, and RYAN ROGERS, JR. and SY-NIA ROGERS, minors by their mother, KIARA NICHOLSON, re-allege paragraphs 1-15 of Count II as paragraphs 1-15 of Count III as though fully set forth herein.

 16) The actions of the Defendant, P.O DANIEL SMITH, caused the wrongful death of the decedent, RYAN ROGERS, in violation of ILCS 740 ILCS 180/1 et. seq.

 17) As a result of the actions of the Defendant, P.O DANIEL SMITH, the decedent, RYAN ROGERS, and the Plaintiffs, JACQUELINE ARMSTRONG and RYAN ROGERS, JR. and SY-NIA ROGERS, minors by their mother, KIARA NICHOLSON, suffered loss of life, loss of enjoyment of life, pain, suffering and monetary loss.

**WHEREFORE** the Plaintiffs, JACQUELINE ARMSTRONG, as Special Administrator of the Estate of RYAN ROGERS, deceased, and RYAN ROGERS, JR. and SY-NIA ROGERS, minors by their mother, KIARA NICHOLSON, pray for judgment against the Defendants, P.O DANIEL SMITH, for fair and reasonable compensatory damages and punitive damages, plus costs.

## COUNT IV – SURVIVAL ACTION

1-16) The Plaintiffs, JACQUELINE ARMSTRONG, as Special Administrator of the Estate of RYAN ROGERS, deceased, and RYAN ROGERS, JR. and SY-NIA ROGERS, minors by their mother, KIARA NICHOLSON, re-allege their allegations of paragraphs 1-16 of Count III as their respective allegations of paragraphs 1-16 of Count IV as though fully set forth herein.

17) After the decedent was shot, he survived for a period of time before he died.

18) As a direct and proximate cause of the conduct of the Defendant, P.O DANIEL SMITH, the decedent, RYAN ROGERS, suffered pain and suffering, mental trauma, fear, anxiety, monetary loss and eventually death.

19) This cause of action arises under the Survival Act, codified at 755 ILCS 5/27-6, and is brought by, JACQUELINE ARMSTRONG, Special Administrator for the Estate of RYAN ROGERS, deceased, and RYAN ROGERS, JR. and SY-NIA ROGERS, minors by their mother, KIARA NICHOLSON, within two (2) years from the date of death of the decedent to recover damages suffered by the decedent prior to his death.

**WHEREFORE** the Plaintiffs, JACQUELINE ARMSTRONG, as Special Administrator of the Estate of RYAN ROGERS, deceased, and RYAN ROGERS, JR. and SY-NIA ROGERS, minors by their mother, KIARA NICHOLSON, pray for

judgment against the Defendants, P.O. DANIEL SMITH, for fair and reasonable compensatory damages and punitive damages, plus costs.

## COUNT V - FAMILY EXPENSE ACT

1-19) The Plaintiff, JACQUELINE ARMSTRONG, as Special Administrator of the Estate of RYAN ROGERS, deceased, and RYAN ROGERS, JR. and SY-NIA ROGERS, minors by their mother, KIARA NICHOLSON, re-allege their allegations of paragraphs 1-19 of Count IV as their respective allegations of paragraphs 1-19 of Count V as though fully set forth herein.

20) At all relevant times, the Plaintiff, JACQUELINE ARMSTRONG, was the mother of RYAN ROGERS, deceased.

21) As a direct and proximate result of Defendant P.O. DANIEL SMITH's actions, which caused the death of RYAN ROGERS, the Plaintiffs, JACQUELINE ARMSTRONG, and RYAN ROGERS, JR. and SY-NIA ROGERS, minors by their mother, KIARA NICHOLSON, have incurred funeral and burial expenses.

**WHEREFORE** the Plaintiffs, JACQUELINE ARMSTRONG, as Special Administrator of the Estate of RYAN ROGERS, deceased, and RYAN ROGERS, JR. and SY-NIA ROGERS, minors by their mother, KIARA NICHOLSON, pray for judgment against the Defendants, P.O DANIEL SMITH, for fair and reasonable compensatory damages and punitive damages, plus costs.

## COUNT VI—INDEMNIFICATION

1-89)   The Plaintiff hereby re-alleges paragraphs 1-17 of Count I, paragraphs 1-15 of Count II, paragraphs 1-17 of Count III, paragraphs 1-19 of Count IV, and paragraphs 1-21 of Count V as though fully set forth herein.

90) Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

91) At all times P.O. DANIEL SMITH was a police officer employed with the CITY OF CHICAGO who acted within the scope of his employment in committing the misconduct described herein.

WHEREFORE, should Defendant, P.O. DANIEL SMITH, be found liable for the acts alleged above, Defendant CITY OF CHICAGO would be liable to pay the Plaintiff any judgment obtained against said officer.

## **JURY DEMAND**

The Plaintiffs, JACQUELINE ARMSTRONG, as Special Administrator of the Estate of RYAN ROGERS, deceased, and RYAN ROGERS, JR. and SY-NIA ROGERS, minors by their mother, KIARA NICHOLSON, hereby requests a trial by jury.

Respectfully submitted,

By: /s/ Ronak Patel
Gregory E. Kulis & Associates, Ltd.

**Gregory E. Kulis & Associates, Ltd.**
**30 North LaSalle Street, Suite 2140**
**Chicago, Illinois 60602**
**312-580-1830**